UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK ANTHONY JONES,

    Petitioner,

v.

SHERMAN CAMPBELL,

    Respondent.
_____/

Case No. 2:19-cv-11087

HONORABLE STEPHEN J. MURPHY, III

**ORDER GRANTING PETITIONER'S MOTION TO
STAY PROCEEDINGS AND ADMINISTRATIVELY CLOSING CASE**

Michigan state prisoner Mark Anthony Jones filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting he is being held in violation of his constitutional rights. ECF 1. Jones also filed a motion to stay the proceedings so that he can raise unexhausted claims in state court. ECF 2. The Court will grant the motion for a stay and administratively close the case.

**BACKGROUND**

Jones was convicted by a jury in Genesee County Circuit Court of first-degree premeditated murder, assault with intent to commit murder, fleeing an officer, tampering with evidence, discharging a firearm from a vehicle and causing death, discharging a firearm toward a building, carrying a concealed weapon, being a felon in possession of a firearm, and felony firearm. ECF 1, PgID 2. On November 18, 2016, he was sentenced to life imprisonment for first-degree premeditated murder; two

1

years' imprisonment for the felony-firearm conviction; and 25 to 50 years' imprisonment for each of the remaining convictions.

Jones filed an application for leave to appeal with the Michigan Court of Appeals. The Michigan Court of Appeals denied leave to appeal "for lack of merit on the grounds presented." *People v. Jones,* No. 339859 (Mich. Ct. App. Feb. 15, 2018), http://publicdocs.courts.mi.gov/coa/public/orders/2018/339859(14)_order.pdf. Jones then filed an application for leave to appeal with the Michigan Supreme Court. The Michigan Supreme Court rejected the application for filing because it was untimely. *See People v. Jones,* No. 339859, Dkt. #18 (May 24, 2018), https://courts.michigan.gov/opinions_orders/case_search/Pages/default.aspx?SearchType=1&CaseNumber=339859&CourtType_CaseNumber=2.

Jones filed his federal habeas petition and motion for stay on April 8, 2019. ECF 1, PgID 26.

**DISCUSSION**

Jones seeks a stay of his federal case while he exhausts his state court remedies for claims he did not present in state court on direct appeal.

State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A prisoner who has not yet exhausted his or her state court remedies may file a "'protective' petition in federal court and ask[] the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005) (citing *Rhines v. Weber*, 544 U.S. 269,

2

278 (2005)). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines*, 544 U.S. at 277–78.

The Court finds a stay is warranted. First, dismissal of the case while Jones pursues state remedies could result in a subsequent petition being barred by the one-year statute of limitations found in 28 U.S.C. § 2244(d), because less than one month remains of the one-year limitations period. Second, Jones's ineffective assistance of counsel claims satisfy the good cause requirement. Third, the state court's disposition of these claims may moot the claims raised in the petition. Fourth, there is no evidence of intentional delay. Under these circumstances, the Court concludes it is not an abuse of discretion to stay the case while Jones pursues state remedies for his unexhausted claims.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, it "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines,* 544 U.S. at 278. To ensure that Jones does not delay in exhausting his state court remedies, the Court imposes time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). The stay is conditioned on Jones presenting the unexhausted claims to the state courts within sixty days of the filing date of this Order. *See Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002) (discussing procedure for staying habeas proceeding pending exhaustion of state court remedies). Moreover, within 60 days after exhausting his state claims,

Jones must file a motion to reopen the case and an amended petition, using the same caption and case number included at the top of this Order. *See Palmer*, 276 F.3d at 781 (adopting approach taken in *Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir. 2001)). Should Jones fail to comply with these conditions, the petition may be dismissed. *See Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014) (holding that dismissal of a habeas petition is appropriate when a petitioner has failed to comply with the terms of a stay).

## ORDER

**IT IS HEREBY ORDERED** that Petitioner's Motion to Stay Proceedings [2] is **GRANTED**. The habeas petition is **STAYED** and further proceedings in this matter are held in **ABEYANCE**.

**IT IS FURTHER ORDERED** that the Clerk of Court **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal of this matter. Upon receipt of a motion to lift the stay following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: May 30, 2019

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 30, 2019, by electronic and/or ordinary mail.

                                            s/ David P. Parker
                                            Case Manager